**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4610**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS LABASTIDA, a/k/a Guicho,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:16-cr-00001-DKC-5)

Submitted:  June 20, 2017                                       Decided:  June 27, 2017

Before SHEDD and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Susan A. Hensler, Baltimore, Maryland, for Appellant.  Leah Bressack, Lindsay Eyler Kaplan, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Labastida pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced him to 66 months' incarceration, below the Sentencing Guidelines range established by the district court. In accordance with *Anders v. California*, 386 U.S. 738 (1967), Labastida's counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether Labastida's plea was knowing and voluntary. Labastida filed a pro se brief, repeating counsel's argument and contending that the district court erred in calculating his offense level, that his sentence is substantively unreasonable, and that his plea counsel was ineffective. We affirm.

Defense counsel and Labastida both question whether Labastida's plea was knowing and voluntary, given that Labastida speaks little English and did not have a written, translated copy of his indictment or plea agreement. To be constitutionally valid, a plea must "be the voluntary expression of [a defendant's] own choice." *Brady v. United States*, 397 U.S. 742, 748 (1970). A defendant must enter a plea "knowingly and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (internal quotation marks omitted). When determining whether a defendant entered a plea knowingly and voluntarily, we "look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *Id.* (alterations and internal quotation marks omitted).

At the plea hearing, where Labastida had the aid of an interpreter, the district court reviewed the plea agreement, and Labastida stated that he agreed to its provisions. Labastida also stated that he communicated with his attorney in Spanish and that his attorney read the indictment and plea agreement to him in Spanish and answered all of his questions. Accordingly, we conclude that the absence of a written translation does not render Labastida's plea constitutionally invalid.

Turning to the grounds for appeal raised in the pro se brief, Labastida argues that the district court erred in its calculation of his criminal history points and its related determination that he did not qualify for a two-level reduction in offense level under U.S. Sentencing Guidelines Manual § 2D1.1(b)(17) (2015). We have reviewed these claims and conclude that the district court committed no error—plain or otherwise. *See United States v. Syms*, 846 F.3d 230, 235 (4th Cir. 2017) (stating standard of review), *cert. denied*, __ S. Ct. __, 2017 WL 1426479 (U.S. May 22, 2017) (No. 16-8790). Next, although Labastida asserts that his sentence is substantively unreasonable, we conclude that no evidence in the record rebuts the presumption of reasonableness accorded Labastida's below-Guidelines sentence. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014); *see Gall v. United States*, 552 U.S. 38, 41, 51 (2007) (discussing appellate review of sentences). Finally, we decline to review on direct appeal Labastida's claims that his plea counsel provided ineffective assistance. *See United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016) (providing standard).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's

3

judgment. This court requires that counsel inform Labastida, in writing, of the right to petition the Supreme Court of the United States for further review. If Labastida requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Labastida.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*